UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                              )
                                    )
    MICHAEL KHUONG TO               )   Case No. 09-20063-SSM
    CHAU-THUY ANH TRAN              )   Chapter 13
                                    )
            Debtors                 )

**MEMORANDUM OPINION**

Before the court are motions by the debtors to value the security and determine the claim status of Avelo Mortgage, LLC ("Avelo") and Capital One Bank, N.A. ("Capital One). Although properly served, neither Avelo nor Capital One responded to the motion or appeared at the hearing, and the court ruled from the bench that the value of the property securing each creditor's claim was zero. Upon further review of the file following the hearing, the court's attention was called to the fact that the property in question is not titled solely in the name of the debtors, and that the proof of claim with respect to the second deed of trust the motion represented was held by Avelo was filed in the name of an entirely different entity. For the reasons stated, the court will enter an order determining the Capital One claim to be unsecured but will require that the motion with respect to the second deed of trust be amended.

Background

Michael Khuong To and Chau-Thuy Anh Tran are husband and wife. They filed a voluntary petition in this court on December 9, 2009, for reorganization under chapter 11 of the Bankruptcy Code and continue in possession of their estate as debtors in possession. Among the assets listed on the schedules is their residence located at 43611 Parisville Court, Sterling,

1

Virginia, which they value at $870,000, subject to liens totaling $1,184,680. Those liens, as shown on the schedules, consist of a first-lien deed of trust is held by "Washington Mutual" in the amount of $1,068,842, and a second lien deed of trust held by "Litton Loan Servicing" in the amount of $115,838. The deed to the property reflects that title is vested in Tung Tran, Michael K. To and Chauthuy A. Tran as tenants in common. Thus, the debtors collectively own a two-thirds undivided interest in the property, and Tung Tran owns a one-third undivided interest.

JPMorgan Chase Bank, National Association—evidently the current holder of the Washington Mutual loan—has filed a secured proof of claim in the amount of $1,086,879.75, while Litton Loan Servicing, LLP, has filed a secured proof of claim on behalf of HSBC Bank USA, National Association, as trustee for the benefit of the certificate holders of Nomura Home Equity Loan, Inc., Asset-Back Certificates, Series 2007-3, in the amount of $119,436.99. Capital One Bank, N.A., has filed an <u>unsecured</u> proof of claim in the amount of $19,099.18.

The present motions were filed on February 25, 2010, and seek a determination that the Litton deed of trust[1] and a judgment lien obtained by Capital One[2] have no economic interest to which they can attach, since the first-lien deed of trust greatly exceeds the value of the property. To establish the value of the property, they rely on a January 1, 2009, tax assessment by the

---

[1] Although the note (in the original principal amount of $118,900) is signed only by the debtors, the deed of trust is signed by the debtors and by Tung Tran.

[2] The judgment was entered on August 7, 2007, in the amount of $11,412.09, against "Chauthuy A. Tran" by the General District Court for the City of Richmond, Virginia, and was docketed in the clerk's office of the Circuit Court of Loudoun County, Virginia, on November 6, 2009.

County of Loudoun reflecting a fair market value of $870,900, and a January 1, 2010, assessment reflecting a value of $838,500.[3]

## Discussion

The general rule is that a claim is secured in bankruptcy "to the extent of the value of such creditor's interest in the estate's interest in such property." § 506(a), Bankruptcy Code. Since the present motions do not seek to "strip off" the deed of trust or judgment lien but only to determine the value of the nominally-secured claims for eventual plan confirmation, relief is properly sought by motion and does not require an adversary proceeding. *See* Fed.R.Bankr.P. 3012.[4]

### A.

With respect to the Capital One judgment, the lien attaches only to debtor Chau-Thuy Anh Tran's one-third undivided interest. For the purpose of the present motion, the court will adopt the value of the property, $870,000, reported on the debtors' schedules. The value of the

---

[3] *See Christopher Phelps & Assocs. LLC v. Galloway*, 492 F.3d 532 (4th Cir. 2007) (holding that real estate tax assessment was admissible to prove value of partially-completed home under Federal Rule of Evidence 803(8) agency records exception to hearsay rule). In a closer case, the court might well require an appraisal by a licensed real estate appraiser. *See In re Gray*, 2010 WL 276179, *3 (Bankr. E.D. Va., Jan. 15, 2010). But here, the difference between the tax assessment and the amount due on the first deed of trust is not at all close, and in a falling real market, the assessment (which typically lags the market) is more likely to overstate rather than understate the value of the property.

[4] There is authority that actual strip-off requires an adversary proceeding and cannot be accomplished by motion practice. *In re Chukes*, 305 B.R. 744 (Bankr. D. D.C. 2004). Of course, confirmation of a chapter 11 plan may ultimately result in extinguishment of the lien. *See Universal Suppliers, Inc. v. Regional Bldg. Systems, Inc. (In re Regional Bldg. Systems, Inc.)*, 254 F.3d 528 (4th Cir. 2001) (determining that asserted lien of creditor whose claim was treated as unsecured by chapter 11 plan was extinguished by plan confirmation, distinguishing *Cen-Pen Corp. v. Hanson*, 58 F.3d 89 (4th Cir 1995)).

one-third undivided interest in the absence of any liens would therefore be one-third that amount, or $290,000.  The first-lien deed of trust in the amount $1,086,879 held by JPMorgan Chase vastly exceeds the value of the debtor's interest.  Since the estate's interest in the property is zero, the creditor's interest in the estate's interest is likewise zero, and the claim is entirely unsecured.

B.

The same analysis applies with respect to the second deed of trust, but with a wrinkle.  The estate's interest in the property is a two-thirds undivided interest.  That interest, in the absence of any liens, has a value of $580,000.  The amount due on the JP Morgan Chase deed of trust vastly exceeds the value of the debtors' interest.  Since the estate's interest in the property is zero, the claim of the second deed of trust holder is wholly unsecured for the purpose of the bankruptcy case.  But that does not necessarily mean that the creditor loses the entirety of its lien.  The bankruptcy case, and the remedies provided by the Bankruptcy Code, can only affect the property interest of the bankruptcy estate.  Put another way, it is doubtful that a plan could strip off the second deed of trust from the one-third undivided interest of Tung Tran.  The court need not reach that issue at this time, however, since the narrow question before the court is the status fo the second deed of trust holder with respect to this case.[5]  And that status is clearly that of an unsecured creditor.

---

[5] It is worth emphasizing that a creditor, even if it has collateral worth more than the amount of its claim, is not a secured creditor for the purpose of the bankruptcy case unless the collateral is owned by the debtor.  Thus, if MegaBank has a mortgage against Black Acre to secure a loan made to Richard Roe, but Black Acre itself is owned by John Doe, MegaBank is treated as an unsecured creditor for the purpose of receiving distributions in Richard Roe's bankruptcy case.  Such treatment does not, of course, deprive it of its right to enforce its claim against Black Acre outside the bankruptcy.

But there is an additional issue. The named respondents in the motion to value the interest secured by the second deed of trust are "Avelo Mortgage, L.L.C." and "Litton Loan Servicing, LP," both of which were served through their registered agents. However, the subsequent filing by Litton of a proof of claim on behalf of "HSBC Bank USA, National Association, as trustee for the benefit of the certificate holders of Nomura Home Equity Loan, Inc., Asset-Back Certificates, Series 2007-3," obviously raises a question as to whether Avelo was in fact the noteholder at the time the motion was served. Although Litton—which filed the proof of claim—was properly served with the valuation motion, the scope of its authority as servicing agent is not shown by the record and may or may not extend to responding to valuation motions. Under the circumstances, the court believes that any order valuing the secured interest of the second deed of trust holder should be entered only after service not only on the servicing agent but on the noteholder.

Separate orders will be entered granting the motion with respect to Capital One's judgment lien but requiring that the motion with respect to the second deed of trust be amended to name HSBC Bank USA, N.A., Trustee, as the noteholder.

Date: _____          _____
                                      Stephen S. Mitchell
Alexandria, Virginia                  United States Bankruptcy Judge

Copies to:

Mark Christian Orndorff, Esquire
M. Christian Orndorff, P.C.
6059-C Arlington Blvd.
Falls Church, VA 22044
Counsel for the debtors

Michael Khuong To
Chau-Thuy Anh Tran
43611 Parisville Ct.
Sterling, VA 20166
Debtors in possession

Avelo Mortgage, L.L.C.
600 E Las Colinas Blvd STE 620
Irving, TX 75039-0000
Respondent

Litton Loan Servicing
Attention: Bankruptcy
4828 Loop Central Drive
Houston, TX 77081-0000
Respondent

Capital One Bank USA, N.A.
by American InfoSource LP as agent
PO Box 71083
Charlotte, NC 28272-1083
Respondent